IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARTELL MCCOY,** ) | C.A. No. 08-232 Erie | |
| Plaintiff ) | | |
| ) | | |
| v. ) | **District Judge McLaughlin** | |
| ) | **Chief Magistrate Judge Baxter** | |
| **OFFICER MICHAEL YURCAK,** ) | | |
| et al., ) | | |
| Defendants ) | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that Defendants' Motion to Dismiss Complaint [Document # 11] be granted and that this case be dismissed.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

On August 13, 2008, Plaintiff Martell McCoy, an inmate incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Named as Defendants are: Officer Michael Yurcak ("Yurcak"); Officer Joseph J. Stagi ("Stagi"); Sargent William M. Rhoades ("Rhoades").

Plaintiff alleges that Defendants failed to protect him and, thus, were deliberately indifferent to his health and safety in violation of the eighth amendment to the United States Constitution.  In particular, Plaintiff claims that he was injured on February 27, 2007, while being transported back to SCI-Albion in a bus driven by Defendant Yurcak. (Complaint at Section IV.C).  According to Plaintiff, while traveling west on Interstate 80, the bus began to overheat, smoke and shake, at which point Defendant Yurcak pulled the bus to the side of the road. (Id.).  Plaintiff alleges that, on orders from Defendant Rhoades, Defendant Yurcak placed the bus in reverse, but while backing up, he missed the off-ramp and "slammed [the bus] into a clearly marked concrete divider which is used to separate the exit from the highway." (Id.).

Plaintiff alleges that Defendant Stagi was stationed in the rear of the bus, but failed to "guide the bus correctly to safety." (Id.). Plaintiff claims that he was unable to brace himself at impact because he was wearing a restraint to hold his handcuffs in place and, as a result, the "impact of the crash caused [him] to jerk [his] neck and hit [his] lower back on the hard plastic seat." (Id.). Plaintiff also complains that there were no safety belts on the bus. As a result of the accident, Plaintiff claims that he now suffers numbness in his left leg, dizziness, headaches, and lower back pain. (Id.). As relief for his claims, Plaintiff seeks monetary damages.

In response to Plaintiff's Complaint, Defendants have filed a motion to dismiss, arguing that Plaintiff has failed to state a claim upon which relief may be granted. [Document # 11]. Plaintiff filed a response and brief in support thereof essentially restating the allegations of his complaint. This matter is now ripe for consideration.

### B. Standards of Review
#### 1. Motion to Dismiss

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The court must accept as true all allegations of the complaint and all reasonable

factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## C.     Discussion

To succeed on an Eighth Amendment claim alleging a failure to protect, a plaintiff must show: (i) "he has suffered an objectively, sufficiently serious injury," and (ii) "that prison officials inflicted the injury with deliberate indifference." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Here, it is clear that Plaintiff has met the first prong of the Farmer test, as he has adequately alleged "an objectively, sufficiently serious injury" to his head, lower back, and left leg. Thus, this Court is left to consider whether Plaintiff has set forth sufficient allegations to show that his alleged injuries were caused by Defendants' deliberate indifference to his health and safety.

To establish deliberate indifference: 1) a prison official must know of and disregard an excessive risk to inmate health or safety; 2) the official must be aware of facts from which an inference could be drawn that a substantial risk of serious harm exists, and 3) the official must also draw the inference. Farmer, 511 U.S. at 837. Mere negligence, however, does not give rise to a constitutional violation. See Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Here, Plaintiff specifically "avers that the Defendants where [sic] negligent in their duties which caused physical and emotional harm...," and that "[t]he Defendants neglect, compounded by their failure to protect the [Plaintiff] ... is the proximate cause for this § 1983 suit." (Complaint at pp. 4-5, ¶¶ 2, 9). The Third Circuit Court has held that "conduct amounting to no more than negligence cannot constitute a violation of [a] constitutional right ... regardless of whether the conduct is better characterized as non-feasance or misfeasance." Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1143 (3d Cir. 1990). Indeed, at least one court in this Circuit has dismissed a similar § 1983 Eighth Amendment claim based upon allegations of negligent driving. See Bishop v. New Jersey Dept. Of Corrections, 2006 WL 777035 at * 2 (D.N.J. Mar. 24, 2006) (finding that negligent or careless driving was not actionable under § 1983, where inmate was injured when corrections officer crashed prison van into a parked vehicle), citing Davidson v. Cannon, 474 U.S. 344 (1986)(holding that prison official's negligent failure to protect inmate

4

from assault by another inmate because official "mistakenly believed that the situation was not particularity serious" does not state a § 1983 claim); <u>Daniels v. Williams</u>, 474 U.S. 327 (1986) (holding that inmate who was injured when he slipped on a pillow that was negligently left on the stairs by deputy sheriff does not state § 1983 claim).

It is clear from Plaintiff's allegations in this case that his claims are based on Defendants' alleged negligence, carelessness and/or recklessness, rather than deliberate indifference. Accordingly, the allegations do not satisfy the second prong of the <u>Farmer</u> test, and Plaintiff's Eighth Amendment claims against Defendants should be dismissed.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' Motion to Dismiss Complaint [Document # 11] be granted and that this case be dismissed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. <u>See</u> <u>e.g.</u>, <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

    S/Susan Paradise Baxter
    SUSAN PARADISE BAXTER
    Chief U.S. Magistrate Judge

Dated: May 20, 2009

cc:    The Honorable Sean J. McLaughlin
      United States District Judge